IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Case No. _____

_____

CHRISTOPHER A. CARPENTER,

    Plaintiff,

    vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA; GAMESTOP, INC. LONG TERM DISABILITY PLAN, and GAMESTOP, INC.,

    Defendants.
_____

## COMPLAINT

### PRELIMINARY STATEMENT[1]

Christopher A. Carpenter ("Plaintiff") brings this ERISA action against Life Insurance Company of North America ("LINA") and the GameStop, Inc. Long Term Disability Plan (the "Plan") to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan, which is administered by LINA. Plaintiff also seeks to recover statutory penalties for Gamestop, Inc.'s failure to timely produce Plan documents. Plaintiff is covered under the Plan by virtue of his employment with Gamestop, Inc., the sponsor of the Plan.

---

[1]This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

## PARTIES

1. Plaintiff is a citizen and resident of Cherokee County, North Carolina.

2. Defendant LINA is a properly organized business entity doing business in the state of North Carolina.

3. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. §§ 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Gamestop, Inc. sponsored and maintained the Plan. Defendant Gamestop, Inc. ("Defendant Gamestop") is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132; to recover statutory penalties for failure to produce Plan documents; and for attorneys' fees and costs.

5. Venue in this District is appropriate by virtue of the denial of benefits in this District and Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with Defendant Gamestop.

7. The Plan offers long term disability ("LTD") benefits.

8. The benefits promised by the Plan are fully insured through an insurance policy underwritten by Defendant LINA.

9. Under the terms of the Plan, Defendant LINA has authority to grant or deny benefits.

10. Defendant LINA has a fiduciary obligation to Plaintiff to administer claims under the Plan fairly and to timely determine benefits according to the terms of the Plan and ERISA.

11. Plaintiff is a 39-year-old man who worked for Defendant Gamestop as an Assistant Store Manager until on or about February 24, 2019. On that date, Plaintiff's impairments became so severe that he could no longer work and he was forced to leave his employment.

12. Plaintiff suffers primarily from fibromyalgia. He has secondary conditions that are caused by the fibromyalgia and the associated chronic pain including posttraumatic stress disorder, panic disorder with agoraphobia, primary insomnia, and severe episode of recurrent major depressive disorder without psychotic features. These conditions prevent him from performing all the material duties of his regular occupation or any occupation for which he is, or may reasonably become, qualified based on education, training or experience.

13. Plaintiff applied to Defendant LINA and the Plan for LTD benefits and submitted medical information showing that he is totally disabled. Plaintiff was awarded short-term disability benefits and long-term disability benefits by Defendant LINA.

14. However, after it granted Plaintiff's claim for long-term disability benefits for two years, Defendant LINA denied Plaintiff's claim for LTD benefits beyond June 18, 2021.

15. Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of Defendant LINA's denial of benefits. He submitted additional information to show that he is totally disabled.

16. Defendant LINA denied Plaintiff's appeal of his claim for LTD benefits on or about June 24, 2022. To the extent required under law, Plaintiff exhausted his administrative remedies and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

17. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled, in that he is unable to perform the material duties of his regular occupation or any occupation for which he is, or may reasonably become, qualified based on education, training or experience;

    b. Defendant LINA failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

    c. Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

18. On November 12, 2019, Plaintiff wrote Defendant Gamestop, the plan administrator under ERISA for the Plan, and requested in writing a copy of all documents for the Plan.

19. Defendant Gamestop received Plaintiff's request for documents on November 18, 2019.

20. Plaintiff is entitled to receive the requested documents within 30 days of his written request under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

21. Defendant Gamestop failed to timely provide Plaintiff with the requested documents. Defendant Gamestop did not provide Plaintiff with the requested documents until February 21, 2020.

22. Defendant Gamestop has not provided Plaintiff with any reason for its failure to timely provide the requested documents to which Plaintiff is entitled under ERISA.

23. Plaintiff has been harmed by Defendant Gamestop's failure to provide the requested Plan documents in that, among other things, Plaintiff did not receive all the information to which he is entitled under ERISA and had to prosecute his claim through part of the administrative process without such information.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

24. Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

25. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

   a. Plaintiff has been wrongfully denied long-term disability benefits;

   b. Defendant LINA failed to accord proper weight to the evidence in the administrative record; and

   c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF: STATUTORY DAMAGES FOR FAILURE TO PRODUCE DOCUMENTS REQUIRED BY ERISA §§ 104 and 502, 29 U.S.C. §§ 1024 and 1132

26. Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

27. Defendant Gamestop failed and refused to timely provide Plaintiff with documents he requested and to which he is entitled under ERISA § 104(b)(4), 29 USC § 1024(b)(4).

28. Plaintiff is entitled to recover statutory damages from Defendant Gamestop, calculated at the rate of $110 per day, from thirty days after the date Defendant Gamestop received Plaintiff's request for the documents, and continuing until the correct documents were produced, pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) and ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1).

## THIRD CLAIM FOR RELIEF: ATTORNEY'S FEES UNDER ERISA § 502, 29 U.S.C. § 1132

29. Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

30. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of his disability;

3. Grant Plaintiff declaratory and injunctive relief finding that he is entitled to statutory damages for Defendant Gamestop's failure and refusal to timely provide Plan documents, as required by ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), and imposing such relief;

4. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses pursuant to ERISA §502(g) incurred as a result of Defendants Plan's and LINA's wrongful denial in providing benefits to Plaintiff;

5. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses pursuant to ERISA §502(g) incurred as a result of Defendant Gamestop's wrongful failure to produce Plan documents to Plaintiff;

6. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

7. Enter an award for such other and further relief as may be just and appropriate.

Dated this 3rd day of October 2022.

                                                    Respectfully Submitted,

*/s/ Bryan L. Tyson*
*/s/ Hannah Auckland*
Bryan L. Tyson (NC Bar #32182)
Hannah Auckland (NC Bar #35953)
Marcellino & Tyson, PLLC
2200 East 7th Street
Charlotte, North Carolina 28204
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
hauckland@yourncattorney.com

**Attorneys for Plaintiff Christopher A. Carpenter**